**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny TISDALE, Defendant-Appellant.**

No. 86–5339
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 2, 1987.

Michael D. Gelety, Ft. Lauderdale, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Miami, Fla., Linnea Johnson, Phillip D. DiRosa, Andrea M. Simonton, Linda C. Hertz, Asst. U.S. Attys., Ft. Lauderdale, Fla., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Johnny Tisdale was indicted on a single count of bank robbery by use of a dangerous weapon in violation of 18 U.S.C. § 2113(d). Following a three day trial, a jury found him guilty as charged. Tisdale was sentenced to twenty years imprisonment and fined fifty dollars. He now appeals.

Appellant raises four claims of error. First, Tisdale contends that the trial court incorrectly denied his pre-trial motions to suppress evidence obtained from a prior arrest. He charges that his prior arrest was grounded on an unconstitutional police stop and therefore the booking photographs taken at that time constitute fruit of a poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Tisdale argues that these booking photographs were used in this case in out-of-court photo lineup identifications and in-court identifications, thereby rendering these identifications invalid.

Even assuming, *arguendo*, that the prior arrest was unlawful[1] and that use of the booking photographs was impermissible, the district court committed no reversible error. Appellant's motions to suppress were granted in large part. The trial judge refused to admit in evidence the booking photographs of Tisdale taken at the time of his prior arrest. The trial court also suppressed all pre-trial identifications which involved these booking photographs. The court was careful to permit in-court identifications only where a proper independent foundation was laid.

At trial, the booking photographs were used with only two witnesses. Gerris Smith was shown these photographs when asked to describe Tisdale's appearance in the days before the robbery. It is clear from her testimony, however, that she did not need the booking photographs to identify and describe Tisdale. Smith had been in constant contact with defendant during that period and readily recognized Tisdale as the person appearing in photographs taken by a hidden camera during the bank robbery. The arresting officer, Don Atkinson, did need the photograph to refresh his recollection as to what Tisdale looked like on the day of the robbery.[2] Atkinson's testimony, as well as Smith's, was not critical to the prosecution; he served merely to corroborate other witnesses who identified Tisdale as the bank robber.[3] Three bank employees—the teller who handed over the money, the assistant manager, and the bank manager—all identified Tisdale as the bank robber and as the gunman in the photographs taken by the bank's surveillance cameras. The defendant's getaway driver, James Cook, also testified at trial. He stated that on Tisdale's instructions, he dropped Tisdale off at the Sun Bank, drove around the block, and picked up Tisdale.

Cook said Tisdale left the car carrying a gun and returned on the run with red dye and smoke trailing from a bag. This testimony was consistent with the physical evidence and the testimony of the bank employees. Having reviewed the evidence, we conclude that the evidence of guilt was overwhelming and that any constitutional error in the use of the booking photographs was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).[4]

Appellant also contends that the trial court erred by failing to properly instruct the jury concerning the elements of 18 U.S.C. § 2113(d). Tisdale asserts that the trial court should have employed a special verdict form enumerating whether a firearm was used in the robbery. In addition, he argues that the court erred by failing to instruct the jury on the lesser included offense of unarmed bank robbery. Tisdale claims that he was innocent of bank robbery by use of a dangerous weapon because the gun that he employed during the robbery was a non-functional, plastic toy gun.

Contrary to Tisdale's claims, there was no factual dispute at trial about the genuineness of the gun. There was no evidence that the gun was a toy. The photographs taken by the hidden bank cameras and the eyewitness testimony indicated that the robber was carrying a real gun. Tisdale's co-defendant, James Cook, testified that Tisdale was not using Cook's toy gun during the robbery. Absent any evidence to support the bare assertion of Tisdale's lawyer that the gun was non-functional, the trial court was not required to instruct the jury about lesser included offenses. *See United States v. Brooks*, 611 F.2d 614, 619 (5th Cir.1980); *United States v. Boswell*,

---

1. This court need not reach the question of the constitutionality of this prior arrest.

2. The district court did not permit Smith to testify that she was Tisdale's probation officer, nor did it permit Atkinson to testify that he was as a police officer.

3. Atkinson bolstered the eyewitness identifications by further supporting their statements that

the defendant had changed his appearance between the time of the robbery and the trial.

4. Appellant also charges that the allegedly unlawful prior arrest tainted the entire police investigation that led to Tisdale's arrest in this case. Tisdale, however, offers no evidence to support this assertion.

565 F.2d 1338, 1343 (5th Cir.), *cert. denied,* 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1978). It was sufficient that the trial court instructed the jury that "the use of dangerous weapon or device" was a necessary element of the crime and explained the meaning of the terms "dangerous weapon or device." *See generally United States v. Flint,* 534 F.2d 58, 60 (5th Cir.), *cert. denied,* 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 592 (1976); *United States v. Mansaw,* 714 F.2d 785, 791 (8th Cir.), *cert. denied,* 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983); *McIllrath v. United States,* 188 F.2d 1009 (D.C.Cir.1951).

■ Appellant next contends that the trial court erred in prohibiting him from impeaching the testimony of James Cook with convictions that were more than ten years old. Tisdale insists that he should have been allowed to cross-examine Cook regarding Cook's convictions in 1964 for armed robbery, in 1965 for breaking and entering, and in 1969 for aggravated assault. Tisdale argues that these serious and violent crimes discredited the testimony of Cook and showed his motivation to testify against Tisdale.

Rule 609(b) of the Federal Rules of Evidence prohibits the admission of evidence of past convictions for impeachment purposes, if the convictions are more than ten years old, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." This circuit has held that a presumption exists against the use of prior crime impeachment evidence over ten years old and that such convictions "will be admitted very rarely and only in exceptional circumstances." *United States v. Cathey,* 591 F.2d 268, 275 (5th Cir.1979). In evaluating whether exceptional circumstances exist, "the trial judge must consider whether the witness has already been impeached, and if so, the probative value of the prior conviction decreases accordingly." *Id.* at 277.

Here, Cook was a "man well impeached without benefit of stale convictions." *United States v. Solomon,* 686 F.2d 863, 873 (11th Cir.1982).[5] Cook admitted in his testimony that he had been previously convicted of violating parole in 1977, carrying a concealed firearm in 1982, and escaping from confinement in 1984. It was made apparent to the jury that Cook had an extensive criminal past, including an involvement with dangerous weapons. Cook also stated that his testimony was given in exchange for a plea agreement with the government, and he was extensively cross examined regarding the specifics of, and his motives for, this plea agreement. The three convictions from the 1960's added little to the ample impeachment evidence already available to Tisdale. Accordingly, the trial court did not abuse its discretion in limiting cross-examination as to these three over-age convictions. *See United States v. Burke,* 738 F.2d 1225, 1227 (11th Cir.1984).

■ Finally, appellant contends that his right to a fair trial was prejudiced by three allegedly improper remarks made by the prosecutor during the government's closing argument. Tisdale argues that the prosecutor unfairly engaged in a character attack when he told the jury: "I am not going to stand here and tell you James Cook is a wonderful person ... he is dirty, low-life criminal, but so is this man [Tisdale]. They have known each other since the 60's." This court has noted than an "unflattering characterizations of a defendant will not provoke a reversal when such descriptions are supported by the evidence." *United States v. Windom,* 510 F.2d 989, 994 (5th Cir.), *cert. denied,* 423 U.S. 863, 96 S.Ct. 121, 46 L.Ed.2d 91 (1975). The facts at trial indicated that Tisdale and Cook were long time friends. The evidence also demonstrated that the two had joined together to commit armed bank robbery. Since the evidence supported the prosecutor's statement, there was no error. *See, e.g., United States v. Drum,* 733 F.2d 1503, 1508 (11th Cir.), *cert. denied,* 469 U.S.

---

**5.** The *Solomon* court explicitly rejected the distinction urged by appellant here between use of prior crimes to impeach the defendant and their use to impeach other witnesses. 686 F.2d at 873.

**1556**

1061, 105 S.Ct. 543, 544, 83 L.Ed.2d 431 (1984); *United States v. Malatesta,* 583 F.2d 748, 759 (5th Cir.1978).

 Appellant also complains of the inflammatory nature of the prosecutor's comment, "just think how frightening it must have been to have a gun pointing at you two feet from your face." A prosecutor "may not make an appeal to the jury that is 'directed to passion or prejudice rather than to an understanding of the facts and of the law.'" *United States v. Phillips,* 664 F.2d 971, 1030 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982) (quoting *United States ex rel. Perry v. Mulligan,* 544 F.2d 674, 680 (3d Cir.1976), *cert. denied,* 430 U.S. 972, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977). When taken in context, it is clear that the prosecutor in this case was merely attempting to impress upon the jury the element of intimidation necessary to support a conviction under 2113(d). Because the prosecutor's remark was directed to the jury's understanding of the facts and law before it, the district court did not err in failing to give a curative instruction.

 The prosecutor also stated, "I believe the government has proven its case beyond a reasonable doubt." Appellant argues that this statement improperly injected the prosecutor's personal opinion into the case. Although we ordinarily disapprove of a prosecutor stating his personal opinion, *see United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1 (1985); *United States v. Phillips,* 664 F.2d 971, 1030 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), the prosecutor here was merely attempting to argue the weight of the evidence. *See United States v. Wayman,* 510 F.2d 1020, 1028 (5th Cir.), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). The impact of this single comment was minimal. Moreover, any problem regarding this comment was cured by the trial court's instruction that statements made by the lawyers were neither evidence nor binding upon their decision. *See United States v. Rodriguez,* 765 F.2d 1546, 1560 (11th Cir.1985); *United States v. Weinstein,* 762

F.2d 1522, 1542 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1519, 89 L.Ed.2d 917 (1986).

The evidence of appellant's guilt was overwhelming. The claims of error made in this appeal do not address the core of the government's case: the photographs taken during the bank robbery and the testimony of the three eyewitnesses to the robbery. Consequently, the errors alleged by appellant did not prejudice Tisdale and were harmless. *See United States v. Hasting,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).

AFFIRMED.