[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 04-16241
Non-Argument Calendar

_____

D. C. Docket No. 03-80090-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VILNA ANGELA SWEETING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 18, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Vilna Sweeting appeals her convictions for conspiracy to possess

with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846, and attempt to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Sweeting argues that the district court erred in refusing to strike two prospective jurors. She also asserts that the district court should have conducted further *voir dire* as to these two venire members.

Where the district court declines to strike a prospective juror upon a suggestion of partiality, we review only for an abuse of discretion. *United States v. Rhodes*, 177 F.3d 963, 965 (11th Cir. 1999). We also review for an abuse of discretion a district court's refusal to ask proposed *voir dire* questions. *See United States v. Chastain*, 198 F.3d 1338, 1347-48 (11th Cir. 1999).

A party challenging a district court's refusal to strike a juror for cause "must demonstrate that the juror in question exhibited actual bias: That is, either an express admission of bias, or proof of specific facts showing such a close connection to the circumstances of the case that bias must be presumed." *United States v. Khoury*, 901 F.2d 948, 955 (11th Cir. 1990) (quoting *Ward v. United States*, 694 F.2d 654, 665 (11th Cir. 1983)). Evaluation of bias involves assessing a juror's credibility and demeanor. "Accordingly, it is generally proper for a reviewing court, which must rely on a cold record, to defer to the conclusions

reached by the trial judge on this issue." *United States v. Simmons*, 961 F.2d 183, 184 (11th Cir. 1992) (quoting *Depree v. Thomas*, 946 F.2d 784, 790 n.12 (11th Cir. 1991)).

"The *voir dire* conducted by the trial court need only provide reasonable assurance that prejudice will be discovered if present." *United States v. Vera*, 701 F.2d 1349, 1355 (11th Cir. 1983) (internal quotations and citation omitted).

The only asserted source of prejudice for juror # 8 is that her stepson was in rehab for a crack cocaine addiction. The only asserted source of prejudice for juror #31 is that he had friends and neighbors in law enforcement. The district court specifically inquired into whether these issues would affect their ability to remain impartial and properly evaluate the evidence, and both answered "I don't think so." The district court, evaluating the credibility and demeanor of the prospective jurors, did not abuse its discretion in declining to ask further questions on these topics, or in declining to strike the jurors for cause. *See Simmons*, 961 F.2d at 184; *Vera*, 701 F.2d at 1355; *see also United States v. Tegzes*, 715 F.2d 505, 507 (11th Cir. 1983) ("The chances are that every juror offered for the trial of this case, if questioned, would have admitted to knowledge that some people who use drugs experience tragic results. While knowledge that criminal conduct sometimes leads to tragic results may create a bias towards crime, bias or prejudice towards crime

3

does not disqualify one to sit as a juror in a criminal case so long as those feelings do not lead to a predisposition toward the prosecution or accused.").

Sweeting further argues that the district court abused its discretion by refusing to allow her to cross-examine cooperating codefendant Nicholas Kozykowski about (1) a 1989 incident in which he stole marine equipment, lied in order to sell it to a pawn shop, and was later charged with dealing in stolen property; (2) the fact that he had missed three court appearances in other cases; and (3) the fact that he had never paid $15,000 in restitution as ordered in another case. Sweeting contends that all three of these lines of questioning went to Kozykowski's truthfulness. She emphasizes that Kozykowski's testimony was central to the government's conspiracy case and that his truthfulness was central to her defense that Kozykowski was lying because he hoped to reduce his sentence and because he was a racist who wanted to put Sweeting in jail.

We review for abuse of discretion a district court's decision to limit the scope of a party's cross examination. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996). The discretion of the district court is "especially broad when it comes to controlling cross-examination for impeachment purposes." *United States v. Van Dorn*, 925 F.2d 1331, 1335 (11th Cir. 1991) (citation omitted). To obtain reversal of a conviction based on an evidentiary error, a defendant must not only

4

show that the district court abused its discretion, but also that the error affected a substantial right. *United States v. Stephens*, 365 F.3d 967, 974 (11th Cir. 2004).

Federal Rule of Evidence 608(b) provides in pertinent part that "[s]pecific instances of the conduct of a witness, . . . other than conviction of crime as provided in rule 609, may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness." Fed.R.Evid. 608(b). Federal Rule of Evidence 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

"A district court, however, must permit sufficient cross-examination to satisfy the confrontation clause of the sixth amendment. The sixth amendment confrontation clause is satisfied where sufficient information is elicited from the witness from which the jury can adequately gauge the witnesses' credibility." *United States v. Burke*, 738 F.2d 1225, 1227 (11th Cir. 1984) (internal citations omitted).

> Furthermore, cross-examination of a government star witness is important, and a presumption favors free cross-examination on

possible bias, motive, ability to perceive and remember, and general character for truthfulness. However, the mere fact that a defendant sought to explore bias on the part of a prosecution witness does not automatically void the court's ability to limit cross-examination. Instead, a defendant is only entitled to cross-examine a witness if the information sought to be elicited is relevant." *United States v. Novaton*, 271 F.3d 968, 1006 (11th Cir. 2001) (internal quotation marks, editing marks, and citations omitted).

We conclude from the record that the district court acted within its discretion in forbidding Sweeting from inquiring into the asserted 1989 incident. While this incident may have had some probative value as to Kozykowski's truthfulness, it was also so temporally remote that, had Kozykowski been convicted of a crime for the incident, the conviction itself would generally not have been admissible. *See* Fed.R.Evid. 609(b) (providing that a conviction is generally not admissible when more than ten years have elapsed since the conviction and release from resulting imprisonment); *see also Novaton*, 271 F.3d at 1006 (holding that the district court did not abuse its discretion in not allowing impeachment in part because the incident in question was "more than six years prior to the trial"). The probative value of cross-examining Kozykowski on the 1989 incident was further reduced because Sweeting was able to impeach Kozykowski's truthfulness on the basis of an anticipated sentence reduction, alleged racial animosity, lying to police officers, to his family, and on his taxes, and a variety of convictions of more

vintage. *See United States v. Tisdale*, 817 F.2d 1552, 1555 (11th Cir. 1987) (holding that three older convictions "added little to the ample impeachment already available" and the district court did not abuse its discretion in declining to admit them under Rule 609 against a cooperating witness who had been cross-examined as to other specific convictions, his general criminal past, and the motivations for his plea agreement).

In addition, we conclude that the district court did not abuse its discretion in determining that knowledge of Kozykowski's failure to make court appearances in prior cases or to comply with a restitution order in another case would "in no way help[] a finder of fact evaluate the truthfulness of the witness," and, therefore, finding those acts not to be admissible under Rule 608(b)(1).

Sweeting additionally argues that the district court abused its discretion by having the jury make a finding as to the quantity of drugs actually imported by the conspiracy, an offense-specific amount, rather than the quantity of drugs attributable to each defendant. Sweeting asserts that, because she was tried and sentenced under a mandatory guidelines scheme, the government was required to prove the amount of drugs attributable to her.[1]

---

[1] Although Sweeting was sentenced under a mandatory guidelines scheme, the district court stated at sentencing that it would have pronounced "exactly the same" sentence were the guidelines advisory. Accordingly, Sweeting does not challenge on appeal the application of the mandatory guidelines.

7

We review *de novo* whether the district court's jury instructions misstated the law. *United States v. Grigsby*, 111 F.3d 806, 814 (11th Cir. 1997). Where the jury instructions correctly state the law, we review for an abuse of discretion. *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995).

Sweeting was convicted and sentenced under a mandatory guidelines scheme and, accordingly, a drug quantity finding by the jury was necessary in order for her to be subjected to an enhanced statutory maximum. *See United States v. Clay*, 355 F.3d 1281, 1285 (11th Cir. 2004). However, "drug type and quantity are not required to be alleged in the indictment, submitted to the jury, and proved beyond a reasonable doubt, as long as the statutory maximum punishment is not exceeded." *United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004) (analyzing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) error under the mandatory guidelines). The statutory maximum penalty for a defendant convicted of cocaine distribution with no prior convictions and no drug quantity finding is 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C).

We need not address whether the district court's jury instruction was correct because, to the extent there may have been any error, such error was harmless. Sweeting was sentenced to 192 months imprisonment, below the applicable statutory maximum without any drug quantity finding. *See* 21 U.S.C.

8

§ 841(b)(1)(C). Therefore, we conclude that no drug quantity finding was necessary to support Sweeting's sentence. *See United States v. Sanchez*, 269 F.3d 1250, 1269 (11th Cir. 2001).

Finally, Sweeting argues that the district court constructively modified and expanded the indictment by allowing the jury to merely find that she had conspired to import a controlled substance, where the indictment specified cocaine.

A jury instruction that constructively amends an indictment is normally reversible error *per se* because such an amendment violates a defendant's Fifth Amendment right to be charged by a grand jury indictment. *United States v. Keller*, 916 F.2d 628, 636 (11th Cir. 1990). "In evaluating whether the indictment was constructively amended, we review the district court's jury instructions . . . 'in context' to determine whether an expansion of the indictment occurred either literally or in effect." *United States v. Castro*, 89 F.3d 1443, 1450 (11th Cir. 1996). However, where, as here, the defendant raises the constructive amendment argument for the first time on appeal, we review for plain error only. *See United States v. Rutherford*, 175 F.3d 899, 906 (11th Cir. 1999). Plain error is an "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.) *cert. denied*, 545 U.S. 1127, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005). For the error to have affected substantial rights,

there must be a reasonable probability that, but for the error, the result of the proceeding would have been different; that is, the probability must be sufficiently high as to undermine confidence in the outcome. *Id.* at 1299. If all three conditions are met, we may exercise our discretion to recognize the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1298.

"A constructive 'amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'" *Castro*, 89 F.3d at 1452-53 (quoting *United States v. Behety*, 32 F.3d 503, 508 (11th Cir. 1994) (quoting *Keller*, 916 F.2d at 634)). Where an indictment contains "*both* the broad language of the statutory crime and additional language narrowing the charged crime to a subset of statutory crime," an unconstitutional constructive amendment can result "when the narrowing language is removed." *United States v. Narog*, 372 F.3d 1243, 1248-50 (11th Cir. 2004) (emphasis in original).

Sweeting argues that the district court broadened the bases for conviction by allowing the jury to convict her based on her intent to conspire to import and possess with intent to distribute any controlled substance, whereas the indictment specified cocaine. Even assuming that the district court's jury instructions

10

improperly expanded the indictment, we conclude that there was no plain error because Sweeting cannot show that her substantial rights were affected. There was no mention at trial, either in argument or in evidence, of any controlled substance other than cocaine. Likewise, there was no argument or evidence that Sweeting had been involved in a conspiracy relating to a controlled substance the nature of which she was unaware. Sweeting cannot show a reasonable probability that the jury could have convicted her based on an intent to import, possess, or distribute some controlled substance other than cocaine. As such, there was no plain error.

After careful consideration of the briefs of the parties, and thorough review of the record, we find no reversible error. Accordingly, we affirm Sweeting's convictions and sentences.

**AFFIRMED.**