[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16345
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-60309-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 5, 2011)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rodolfo Martinez appeals his convictions for conspiracy to obstruct interstate commerce, in violation of 18 U.S.C. § 1951; conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 846; conspiracy to use a firearm during the commission of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(o); use of a firearm during a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Martinez also challenges his 60-month consecutive sentence for using a firearm during a crime of violence.

I.

Martinez argues that comments made by the prosecutor during closing arguments constituted prosecutorial misconduct. We review de novo a claim of prosecutorial misconduct during closing arguments. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). "To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." Id. (quotation marks omitted). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." Id. "When the record contains sufficient independent evidence of

guilt, any error is harmless." Id.

Martinez asserts that the government engaged in prosecutorial misconduct when the prosecutor said: "I don't think there's any question based on the evidence you've seen, I don't think there's any reasonable doubt whatsoever. . . . I think based on [the] evidence, as long as you keep your eye on the ball and don't let the defense lawyer distract you, which is his job." Martinez argues that this statement improperly injected the prosecutor's personal opinion into the case and attacked defense counsel's character. We do not agree that this remark rises to the level of prosecutorial misconduct. The prosecutor's comment could also be characterized as an attempt to argue the weight of the evidence. See United States v. Tisdale, 817 F.2d 1552, 1556 (11th Cir. 1987) (concluding that prosecutor's remark—"I believe the government has proven its case beyond a reasonable doubt"—went to the weight of the evidence and was not improper). In any event, any problem regarding this comment was cured by the district court's instruction to disregard the prosecutor's statement. See United States v. Gonzalez, 122 F.3d 1383, 1388–89 (11th Cir. 1997).

Martinez also asserts that it was improper for the prosecutor to say: "[I]f it wasn't a law enforcement investigation, who knows what might have happened. Thank God it was a law enforcement investigation this time and that there wasn't

an actual victim." He argues that the prosecutor's statement improperly inflamed the jury. We reject this argument as well. "The prosecutor, as an advocate, is entitled to make a fair response to the arguments of defense counsel." United States v. Hiett, 581 F.2d 1199, 1204 (5th Cir. 1978).[1] During his closing argument, defense counsel encouraged the jury to acquit Martinez because the robbery was a "fictional situation." The prosecutor's comment fairly responded to that argument.

II.

Martinez contends that the district court erred in denying his motion to dismiss the indictment based on outrageous government conduct. A motion to dismiss the indictment on the basis of outrageous government conduct involves a question of law that we review de novo. United States v. Gupta, 463 F.3d 1182, 1191 (11th Cir. 2006); United States v. Savage, 701 F.2d 867, 868 n.1 (11th Cir. 1983).

"Outrageous government conduct occurs when law enforcement obtains a conviction for conduct beyond the defendant's predisposition by employing methods that fail to comport with due process guarantees." United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007). "Under this standard, the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

conduct must be so outrageous that it is fundamentally unfair." Id.; see also United States v. Haimowitz, 725 F.2d 1561, 1577 (11th Cir. 1984) ("Whether outrageous government conduct exists turns upon the totality of the circumstances with no single factor controlling and the defense can only be invoked in the rarest and most outrageous circumstances." (quotation marks omitted)).

The government's conduct in this case was within constitutionally permitted limits. The evidence in the record shows that Martinez was a willing and active participant in a scheme to rob a home believed to contain narcotics. The government's conduct in encouraging Martinez's co-conspirators to keep him involved in the scheme does not "violate[ ] fundamental fairness and shock[ ] the universal cause of justice." United States v. Costales, 5 F.3d 480, 487 (11th Cir. 1993) (quotation marks omitted). The district court did not err in denying Martinez's motion to dismiss the indictment based on outrageous government conduct.

## III.

Martinez also contends that the district court erred in refusing to give a jury instruction on entrapment. "We review a district court's refusal to give a particular jury instruction for abuse of discretion." United States v. Yeager, 331 F.3d 1216, 1222 (11th Cir. 2003) (quotation marks omitted).

5

Entrapment is an affirmative defense with two elements: "(1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the crime before the inducement." United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007). Before an entrapment instruction may be presented to the jury, the defendant must show "some evidence, more than a scintilla, that government agents induced him to commit the offense." United States v. Chirinos, 112 F.3d 1089, 1102 (11th Cir. 1997) (quotation marks omitted); see also United States v. Mers, 701 F.2d 1321, 1340 (11th Cir. 1983) ( "A defendant cannot avail himself of an entrapment defense unless the initiator of his criminal activity is acting as an agent of the government.").

The record shows that Martinez was approached about the robbery by Duhart, a co-conspirator, and not a government agent. Although government agents encouraged Martinez's co-conspirators to keep him involved in the robbery scheme, there is no evidence in the record that he expressed reluctance to participate and that the scheme had to be "pushed" on him. See Orisnord, 483 F.3d at 1178. Because no evidence exists to support a claim of entrapment, the district court properly denied Martinez's request to give an entrapment instruction.

IV.

Martinez also argues that the district court erred in imposing a consecutive

60-month sentence for his conviction under 18 U.S.C. § 924(c), because the plain language of § 924(c) prohibits the imposition of consecutive sentences when the defendant is subject to a greater mandatory-minimum sentence for another offense. Because Martinez raises this issue for the first time on appeal, we review only for plain error. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). "To establish plain error, [the defendant] must show that there was (1) error, (2) that is plain, and (3) that affects his substantial rights." United States v. Belfast, 611 F.3d 783, 815 (11th Cir. 2010). "If all three requirements are met, we may reverse only if the error also seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks and alterations omitted).

Martinez's argument is foreclosed by the Supreme Court's decision in Abbott v. United States, —U.S.—, 131 S. Ct. 18 (2010), holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Id. at 23; see also United States v. Segarra, 582 F.3d 1269, 1272–73 (11th Cir. 2009) (concluding that the plain language of § 924(c) requires consecutive sentences for a defendant convicted of a § 924(c) offense and an underlying drug crime). No error occurred.

AFFIRMED.

7