[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15566
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00102-JSM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NURULLAH YILDIRIM,

Defendant-Appellant.

_____

No. 10-15569
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00102-JSM-TBM-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BENLI HAKAN HUSEYIN UMMAHANI,

                                          Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(October 26, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Benli Hakan Huseyin Ummahani ("Ummahani") and Nurullah Yildirim ("Yildirim") appeal their convictions and sentences for conspiring to possess five kilograms or more of cocaine with the intent to distribute, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)((B)(ii), and aiding and abetting possessing five kilograms or more of cocaine with the intent to distribute, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Ummahani and Yildirim argue that the government committed prosecutorial misconduct, that the district court erred in applying an obstruction of

justice enhancement to their sentences based on perjury, and that their sentences were unreasonable. We address each of their arguments in turn.

I.

"The Court reviews a prosecutorial misconduct claim <u>de novo</u> because it is a mixed question of law and fact." <u>United States v. Eckhardt</u>, 466 F.3d 938, 947 (11th Cir. 2006). Where the defendant fails to object to the statements at trial, however, we review for plain error. <u>United States v. Newton</u>, 44 F.3d 913, 920 (11th Cir. 1994). Under plain error review, the appellant must show that the prosecutor's statements constituted error, that the error was plain, that the error affected the appellant's substantial rights, and the error seriously affected the fairness of the judicial proceedings. <u>United States v. Schmitz</u>, 634 F.3d 1247, 1268 (11th Cir. 2011).

Ummahani and Yildirim first claim that the government engaged in prosecutorial misconduct during its closing argument when the prosecutor stated, without objection: "I'm not asking you [the jury] to [rush to judgment], because my burden is pretty high. My burden is beyond a reasonable doubt, and I know that I have established that." Ummahani and Yildirim now argue that, in making this statement, the prosecutor improperly offered her personal impression of the evidence. However, in <u>United States v. Tisdale</u>, 817 F.2d 1552, 1556 (11th Cir.

3

1987), we held that an almost identical statement—"I believe the government has proven its case beyond a reasonable doubt"—did not constitute prosecutorial misconduct, as the prosecutor "was merely attempting to argue the weight of the evidence." Based on this precedent, we conclude that the prosecutor's comment in this case regarding reasonable doubt did not constitute plain error.

Ummahani and Yildirim next argue that the prosecutor mischaracterized evidence and argued facts not in evidence during her closing argument. To analyze this claim, we must briefly describe the relevant evidence and their theory of defense. The evidence showed that the Coast Guard boarded the <u>Carribean Dream</u> off the coast of San Andreas Island, and discovered almost a ton of Cocaine, several drums of fuel and water, and three people—Ummahani, Yildirim, and Leonel Lamadrid Ledesma—on board. Ummahani and Yildirim testified that they were on vacation, traveling between Panama and Colombia, when their boat was overtaken by Colombian pirates, who forced them to take on the cocaine and Ledesma (as a load guard), and to alter their course from Panama to San Andreas Island. In contrast, Ledesma, who plead guilty, testified that all three of them were willingly tasked with transporting the cocaine safely from one destination to another. During her closing argument, the prosecutor pointed out that the defendants never testified that the Colombians brought the drums of fuel on the

4

boat, and the fact that the defendants were carrying the drums of fuel suggested that they were prepared and intending to travel a long distance in the middle of the ocean, rather than along the coast from Colombia to Panama, where there would be many places to stop for fuel. Ummahani and Yildirim objected to this argument at trial and challenge it on appeal. We conclude that the district court did not err in overruling their objection, as the prosecutor did not mischaracterize the evidence or assume facts not in evidence. A prosecutor may encourage the jury to draw conclusions from facts in evidence. United States v. Braithwaite, 709 F.2d 1450, 1456-57 (11th Cir. 1983). Here, the prosecutor was merely encouraging the jury to draw conclusions from the evidence concerning the number of fuel drums and the distance to be traveled.

Lastly, Ummahani and Yildirim argue that the prosecutor improperly vouched for the credibility of certain Coast Guard witnesses during her closing argument when she stated, without objection: "The petty officers have no reason to lie. They have no reason to come in here and tell you something that didn't happen." However, in United States v. Bernal-Benitez, 594 F.3d 1303, 1314 (11th Cir. 2010), we held that a similar statement—"nobody has submitted any suggestion as to why agents would have any motivation to fabricate evidence against [the defendants]"—did not rise to the level of improper vouching, as the

5

prosecutor was merely "pointing out the lack of evidence to support defense arguments that the [government] agents were fabricating their stories and then drawing reasonable inferences from the evidence presented at trial as to why the Government witnesses had no incentive to lie." Based on this precedent, we cannot say that the prosecutor's comment in this case regarding the Coast Guard officers constituted plain error.

## II.

Ummahani and Yildirim also argue that the district court erred in finding that the obstruction of justice enhancement under U.S.S.G. § 3C1.1 applied to them. Section 3C1.1 states:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. One type of conduct that warrants the obstruction of justice enhancement is "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment. (n.4).

We review a district court's findings of fact related to applying an obstruction of justice enhancement for perjury for clear error. United States v.

6

Banks, 347 F.3d 1266, 1269 (11th Cir. 2003). The district court's finding is clearly erroneous when the appellate court's review of the evidence leaves it "with the definite and firm conviction that a mistake has been committed." United States v. Poirier, 321 F.3d 1024, 1036 (11th Cir. 2003) (internal quotation marks omitted). Here, because Yildirim's and Ummahani's testimonies were irreconcilable with the record and inconsistent with the facts credited by the jury, the district court did not commit clear error in finding that they committed perjury and that the obstruction of justice enhancement was applicable. See United States v. Williams, 627 F.3d 839, 845 (11th Cir. 2010).

III.

Finally, Yildirim argues that the 186-month imprisonment sentence the district court imposed was unreasonable, because the district court should have considered his history, that he is not a violent nor repeat offender, and that he has four children to support. Ummahani also makes a passing reference, in his statement of issues on appeal, to his 120-month sentence being unreasonable, but does not elaborate on the sentencing issue in his brief.

Regarding Ummahani's passing reference to his sentence, we have held that, when an appellant includes an issue in the statement of issues but nowhere else in the brief, the issue is abandoned. Tedder v. F.M.C. Corp., 590 F.2d 115,

7

117 (5th Cir. 1979).[1]  Because Ummahani's sentencing argument is only

mentioned in his statement of issues, he has abandoned this issue on appeal.

In reviewing the reasonableness of Yildirim's sentence, we apply an abuse

of discretion standard.  Gall v. United States, 552 U.S. 38, 56 (2007).  We will

only reverse and remand for resentencing "if we are left with the definite and firm

conviction that the district court committed a clear error of judgment in weighing

the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the

range of reasonable sentences dictated by the facts of the case."  United States v.

McBride, 511 F.3d 1293, 1297 -1298 (11th Cir. 2007) (internal quotation marks

omitted).  Here, the district court considered the § 3553(a) factors and explicitly

stated that it "varied downward from the advisory guideline because it considers

the sentence of 186 months to be more appropriate given the factors of 18 U.S.C.,

Section 3553."  The district court determined, in Yildirim's favor, that the

Guidelines minimum of 30 years' imprisonment was too high and sentenced

Yildirim to 186 months (15.5 years), which was 66 months more than the

mandatory minimum sentence of 120 months, and well below the statutory

maximum of life imprisonment.  On this record, we cannot say that the district

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) ( en banc ), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

court committed a clear error of judgment in imposing a below-Guidelines sentence.

**AFFIRMED.**